In the Matter of the Election of DIRECTORS OF REMINGTON TYPEWRITER COMPANY.

JAMES S. CARNEY, Appellant; REMINGTON TYPEWRITER COMPANY and Others, Respondents.

First Department, October 20, 1922.

Corporations — inspectors of election must be appointed by stock vote — appointment of inspector by show of hands invalid — election of officers presided over by such inspector and legally chosen inspector void — at least two inspectors necessary — inspectors or person presiding at election have power to take stock vote.

Inspectors of election of a corporation must be appointed by a stock vote and an appointment of an inspector by a show of hands is invalid. An election of officers presided over by two inspectors, one of whom was legally appointed, the other having been appointed by a show of hands, is void for, at least, two inspectors are necessary.

The inspectors of election or other person presiding at a corporate election are qualified to take a stock vote.

Appeal by the petitioner, James S. Carney, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of June, 1922, denying his motion for an order declaring void a corporate election of officers.

The petition is brought under section 32 of the General Corporation Law by an aggrieved stockholder.

*Sullivan & Cromwell* [*John Foster Dulles* of counsel; *DeLano Andrews* with him on the brief], for the appellant.

*Gifford, Hobbs & Beard* [*Anson McCook Beard* of counsel], for the respondents.

Page, J.:

While the record is quite voluminous, the question to be determined arises upon undisputed facts.

One of the inspectors of election chosen at the former annual meeting of the stockholders of the corporation had died. It became necessary to fill the vacancy. Two candidates were placed in nomination. The chairman of the meeting announced that the appointment should be made by a vote by show of hands, whereupon a stockholder, who also claimed to hold proxies entitling him to cast about 90,000 votes, protested and demanded that a stock vote be taken. His objection was overruled and a vote was taken by a show of hands, and the secretary of the company was declared appointed, and acted. In my opinion the sole question presented by this appeal is the legality of such an appointment. It was necessary to the validity of the election of directors that there should be at least two inspectors of election. While section 31 of the Stock Corporation Law does not prescribe the number of inspectors, the use of the plural has been construed to require that two or more inspectors must be appointed (*Matter of Lighthall Mfg. Co.*, 47 Hun, 258), and the by-laws of this corporation prescribe that " Two inspectors of election shall be chosen at each annual meeting of the Company to serve for one year."

Section 23 of the General Corporation Law provides: " Unless otherwise provided in the certificate of incorporation, every stockholder of record of a stock corporation shall be entitled at every meeting of the corporation to one vote for every share of stock standing in his name on the books of the corporation;   *   *   *."

In *Matter of Rochester District Telegraph Co.* (40 Hun, 172) it was held that the word " voting " in the Revised Statutes (1 R. S. 603, § 6), which was in part one of the antecedents of section 23 of the General Corporation Law, is not qualified or limited to voting at an election of directors, but that it extends to every subject

that may be discussed and every resolution that may be submitted at any meeting of stockholders, and the court applied it specifically to a vote upon a motion to adjourn. In *Stokes* v. *Continental Trust Co.* (186 N. Y. 285) the court said that a stockholder " has the right to vote for directors and upon all propositions subject by law to the control of the stockholders, and this is his supreme right and main protection.   *   *   *   Hence, the power of the individual stockholder to vote in proportion to the number of his shares is vital and cannot be cut off or curtailed by the action of all the other stockholders, even with the co-operation of the directors and officers."

The learned counsel for the respondents claims that the Legislature clearly indicated that the intent was that an inspector of election selected in place of one who should refuse to serve should be appointed by a *per capita* vote, for the reason that section 31 of the Stock Corporation Law uses the word " appointed." Where, however, the appointment is to be made by a body consisting of a number of persons, their choice must be ascertained by a vote. If the directors appoint, it must be by a majority of a *per capita* vote.   But it does not follow that where the stockholders appoint it must also be by a *per capita* vote, as the counsel for the respondents claims.   He admits that there must be a vote of the stockholders, and the law secures the right to any stockholder to have a stock vote taken.

It follows that the election, having been held with only one legally chosen inspector of election presiding, is void.   (*Ex parte Willcocks*, 7 Cow. 402.)   The respondents say that this case is 100 years old and that we have advanced since then, and, therefore, unless it can be shown that a different result would have been accomplished, we should not order a new election.   But it does not clearly appear that the result of the election would have been the same.   The inspectors were called upon to pass on a large number of protested votes.   In each case the decision was in favor of the present board and against the contestants.   Proxies had been given to both factions by the same stockholder, with nothing to show which were prior in time.   The proxies given to the contestants were rejected, and those given to the present board were voted and counted.   The election was closely contested, and the percentage of majority certified by the inspectors was small. The right of a stockholder to vote the number of shares that are standing in his name is so fundamental and necessary to the safeguarding of his investment that no attempt to deprive him of that right should be tolerated.   It is contended by the respondents that the inspectors of election alone are qualified to take a stock

vote. In this they are mistaken. Section 23 of the General Corporation Law, after providing for one vote for each share of stock, states as follows: " If the right to vote at any such meeting shall be challenged, the inspectors of election, or other persons presiding thereat, shall require such books, if they can be had, to. be produced as evidence of the right of the person challenged to vote at such meeting."

Thus it clearly appears that the person presiding has the power to take a stock vote. During an election for directors the inspectors of election preside, at all other times the president of the company presides. In *Matter of Clarke, Inc., Nos. 1, 2* (186 App. Div. 216) the president of the corporation presided, while inspectors of election were being appointed by stock vote. Such must of necessity be the practice.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, and a new election ordered upon the statutory notice, the notice to be given within ten days after the entry of this order. (See Stock Corp. Law, § 25, as amd. by Laws of 1918, chap. 267, and Laws of 1922, chap. 414.)

CLARKE, P. J., DOWLING, SMITH and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, and a new election ordered upon the statutory notice of thirty days, said notice to be given within ten days after entry of this order.